IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:22-cr-00017-001

UNITED STATES OF AMERICA,

Plaintiff

v.

Arnulfo Duron-De Luna

Defendant.

_____

**DEFENDANT'S UNOPPOSED MOTION TO EXCLUDE 90 DAYS
FROM THE REQUIREMENTS OF THE SPEEDY TRIAL ACT**
_____

Defendant Arnulfo Duron-De Luna by and through his counsel, hereby moves this Court for an Order to exclude 90 days from the Speedy Trial Act computations and reset the currently-set deadlines and trial dates. In support thereof, Mr. Duron-De Luna states as follows:

**PROCEDURAL HISTORY**

1. On January 6, 2022, the government filed an indictment against the defendant alleging that he was found in the United States after having been denied admission, excluded, deported, and removed from the United States, a violation of Title 8, United States Code, Section 1326(a). Doc. 1.

2. Mr. Duron-De Luna was arrested on September 14, 2022. He appeared in Court for his arraignment, detention hearing, and discovery hearing on September 19, 2022 where he stipulated to detention. Doc. 11.

3. On September 19, 2022, the Court set a motions deadline of October 17, 2022, and a 3-day jury trial to begin on November 14, 2022. Doc. 14.

4. The government has informed the defense that firearms were located in the home where the Mr. Duron De-Luna was arrested on September 14, 2022, and that they are conducting further investigation which could result in additional charges being brought against Mr. Duron De-Luna.

5. The defense has received some discovery regarding the firearms in question, but since the government's investigation is ongoing, discovery is not complete.

6. Mr. Duron-De Luna would like to continue the current trial date and deadlines in an effort to see if all potential charges can be resolved or litigated together.

## LAW REGARDING REQUESTS FOR CONTINUANCES

7. This court is authorized under 18 U.S.C. § 3161(h)(7) to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in speedy trial. One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i). An additional factor, set forth in 18 U.S.C. § 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the defendant…the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

8. In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must contain an explanation for

why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time. *See id*. At 1271-72.

9. In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluation if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

## ARGUMENT

10. Defense counsel's request for a continuance in this case satisfies the criteria set forth in 18 U.S.C. § 3161(h)(7).

11. The ends of justice will be best served by the requested delay. Proceeding with the current time requirements would deny counsel for the defendants the reasonable time necessary for effective preparation especially since discovery is still being conducted and there are possibly more charges that will be filed against the defendant.

12. Defense counsel's request for a continuance in this case also satisfies the factors set forth in *United States v. West*.

13. Counsel has shown diligence in this request by making it well before the scheduled jury trial.

14. This request will not inconvenience the opposing party or its witnesses. Assistant U.S. Attorney, Al Buchman, has indicated that he does not oppose this motion.

15. The final *West* factor is the need asserted for the continuance and the harm that the

defendant might suffer as a result a denial. Without the requested continuance the defense will be unable to adequately prepare the case, conduct a complete investigation, or file appropriate options (if necessary). Without the exclusion of a period of time from the speedy trial calculations, defense counsel will be unable to provide effective assistance of counsel and the defendant's right to be effectively represented in these proceedings will be seriously damaged.

## CONCLUSION

Wherefore, Mr. Duron-De Luna respectfully requests this Court for an Order vacating all current deadlines and trial date and excluding 90 days from the Speedy Trial Act computations, as authorized by 18 U.S.C. § 3161(h)(7).

*Dated: October 13, 2022*

Respectfully submitted,

*s/ Benjamin R. LaBranche*
Benjamin R. LaBranche
1544 Race St
Denver, CO 80206
Phone:   225-927-5495
Email:   ben@brllawyer.com

*Attorney for Arnulfo Duron-De Luna*

**Certificate of Service**

I certify that on October 13, 2022, I electronically filed the foregoing *Defendant's Unopposed Motion to Exclude 90 Days from the Requirements of the Speedy Trial Act* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Al Buchman
Assistant United States Attorney
U.S. Attorney's Office – Denver
1801 California Street, Ste. 1600
Denver, CO 80202
Al.Buchman@usdoj.gov

/s/Benjamin R. LaBranche
Benjamin R. LaBranche