IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:22-cr-00017-001

UNITED STATES OF AMERICA,

Plaintiff

v.

Arnulfo Duron-De Luna

Defendant.

_____

**DEFENDANT'S UNOPPOSED MOTION TO EXCLUDE 30 DAYS
FROM THE REQUIREMENTS OF THE SPEEDY TRIAL ACT**
_____

Defendant Arnulfo Duron-De Luna, by and through his counsel, hereby moves this Court for an Order to exclude 30 days from the Speedy Trial Act computations and reset the currently-set deadlines and trial dates. In support thereof, Mr. Duron-De Luna states as follows:

**PROCEDURAL HISTORY**

1. On January 6, 2022, the government filed an indictment against the defendant alleging that he was found in the United States after having been denied admission, excluded, deported, and removed from the United States, a violation of Title 8, United States Code, Section 1326(a). Doc. 1.

2. On October 13, 2022, the defense requested a 90 day Ends of Justice Continuance based on the government informing them that additional charges related to a firearm located at the defendant's residence would be filed. Doc. 17

1

3.  On October 14, 2022, the Court granted the defense's Motion to Continue, set a pretrial motions deadline of January 3, 2023, and continued the trial date to February 13, 2023. Doc. 18.

4.  The government then filed a superseding indictment on December 7, 2022, which added a violation of the National Firearms Registration and Transfer Record Act and a forfeiture allegation related to the firearm. Doc. 19

5.  The government produced additional discovery related to the firearm on December 9, 2022, and the defendant was re-arraigned on the superseding indictment on December 21, 2022. The parties also met on December 21, 2022 for an evidence view of the firearm.

6.  The parties have been participating in plea negotiations, and Mr. Duron-De Luna would like to continue the current trial date and deadlines to consider how the new discovery and charge impact potential pretrial motions, as well as to try reach a plea agreement with the government.

## LAW REGARDING REQUESTS FOR CONTINUANCES

7.  This court is authorized under 18 U.S.C. § 3161(h)(7) to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in speedy trial. One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i).  An additional factor, set forth in 18 U.S.C. § 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the defendant…the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

8. In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time. *See id*. At 1271-72.

9. In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluation if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

## ARGUMENT

9. The new charges alleged in the superseding indictment will significantly impact the defendant's guideline range and likely increase the possible sentence in this case.

10. Defense counsel's request for a continuance in this case satisfies the criteria set forth in 18 U.S.C. § 3161(h)(7) and the factors set forth in *United States v. West*.

11. The defense has been diligent in preparing this case to date. However, a new charge and new discovery were only recently provided and require additional review and consideration as it relates to pretrial motions and plea negotiations.

12. A 30 day ends of justice continuance will accomplish the purpose of the underlying

request for a continuance in that it will provide defense counsel reasonable time to review the additional discovery and continue plea negotiations.

13. This brief continuance will not inconvenience the opposing party or its witnesses. Assistant U.S.Attorney, Al Buchman, has indicated that he does not oppose this motion.

14. Without the requested continuance the defense will be unable to adequately prepare the case, conduct a complete investigation, or file appropriate motions (if necessary). Without the exclusion of a period of time from the speedy trial calculations, defense counsel will be unable to provide effective assistance of counsel and the defendant's right to be effectively represented in these proceedings will be seriously damaged.

## CONCLUSION

Wherefore, Mr. Duron-De Luna respectfully requests this Court enter an Order vacating all current deadlines and trial date and excluding 30 days from the Speedy Trial Act computations, as authorized by 18 U.S.C. § 3161(h)(7).

*Dated: December 23, 2022*

Respectfully submitted,

*s/ Benjamin R. LaBranche*
Benjamin R. LaBranche
1544 Race St
Denver, CO 80206
Phone:   225-927-5495
Email:   ben@brllawyer.com

*Attorney for Arnulfo Duron-De Luna*

## Certificate of Service

I certify that on December 23, 2022, I electronically filed the foregoing *Defendant's Unopposed Motion to Exclude 90 Days from the Requirements of the Speedy Trial Act* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Al Buchman
Assistant United States Attorney
U.S. Attorney's Office – Denver
1801 California Street, Ste. 1600
Denver, CO 80202
Al.Buchman@usdoj.gov

*/s/Benjamin R. LaBranche*
Benjamin R. LaBranche