IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 22-cr-00017-RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ARNULFO DURON-DE LUNA,
    a/k/a Arnulfo Duron; Arnulfo Guadalupe-Duron-Deluna; Arnulfo Guadal-Duron;
    Arnulfo Duron-Guadalupe; Miguel Angel Olivares; and Angel Duron,

    Defendant.

## PLEA AGREEMENT

The United States of America (the government), by and through Albert Buchman, Assistant United States Attorney for the District of Colorado, and the defendant, Arnulfo Duron-De Luna, personally and by counsel, Ben LaBranche, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1. This agreement binds only the Criminal Division of the United States Attorney's Office for the District of Colorado and the defendant.

### I. AGREEMENT

**A. Defendant's Plea of Guilty:**

The defendant agrees to

(1) plead guilty to the Counts One and Two of the ~~Indictment~~ [handwritten: Superseding Indictment ACB], charging violations of illegal re-entry of a previously deported alien, 8 U.S.C. § 1326(a), agreeing that the enhanced penalty under 8 U.S.C. § 1326(b)(1) applies; and possession of unregistered firearm, 26 U.S.C. § 5861(d).

Court Exhibit

1

(2) waive certain appellate and collateral attack rights, as explained in detail below.

### B. Government's Obligations:

This agreement is made pursuant to Fed.R.Crim.P.11(c)(1)(B). The government agrees to

(1) recommend a sentence at the low-end of the advisory guideline range as finally calculated by the Court.

(2) provided the defendant does not prohibited conduct or otherwise implicate USSG §§ 3C1.1 and 3E1.1, cmt. n.4 between the guilty plea and sentencing in this case, the government agrees that the defendant should receive a two-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(a) and agrees to file a motion requesting that the defendant receive a one level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(b).

The parties understand that this agreement is not binding on the Court.

### C. Defendant's Waiver of Appeal:

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence (including the restitution order), unless it meets one of the following criteria:

(1) the sentence exceeds the maximum sentence provided in the statute of conviction, 18 U.S.C. § 1326(a), (b)(1), and 26 U.S.C. § 5861(d);

(2) the sentence exceeds the top end of the advisory guideline range from the Sentencing Guidelines that applies for the defendant's criminal history (as determined by the district court) at a total offense level of 18; or

(3) the government appeals the sentence imposed.

If the first criteria applies, the defendant may appeal only the issue of how his sentence exceeds the statutory maximum sentence. But if one of the latter two criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence (including the restitution order) in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds:

(1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute;

(2) the defendant was deprived of the effective assistance of counsel; or

(3) the defendant was prejudiced by prosecutorial misconduct.

The defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings. In that event, this waiver does not apply and the defendant may appeal the sentence imposed upon a revocation of supervised release, even if that sentence falls below or within the guideline range calculated by the Court.

The defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). This waiver does not apply to an appeal of a denied §

3582(c)(1)(A)(i) motion where the district court, in denying the motion on § 3553(a) grounds, failed to consider the facts allegedly establishing extraordinary and compelling circumstances as part of its § 3553(a) analysis.

### D.     Forfeiture of assets:

The defendant admits the forfeiture allegations. The defendant further agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 26 U.S.C. § 5872, 18 U.S.C. 924(d), and 28 U.S.C. § 2461(c), whether in the possession or control of the United States, the defendant, the defendant's nominees, or elsewhere. The assets to be forfeited specifically include but are not limited to: (1) short-barreled rifle recovered on September 13, 2022, and (2) silencer recovered on September 13, 2022. The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action. The defendant understands that pursuant to 18 U.S.C. § 983, the seizing agency is required to send notice in non-judicial civil forfeiture matters. Having been advised of said rights regarding notice, the defendant hereby knowingly and voluntarily waives his/her rights to notice being sent within the time frames in 18 U.S.C. § 983 and to having the property returned to him/her if notice is not sent within the prescribed time frames. The defendant further agrees to the forfeiture of any substitute assets up to the value of any property described above pursuant to 21 U.S.C. § 853(p) and Federal Rules of Criminal Procedure 32.2(e).

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

## II. ELEMENTS OF THE OFFENSE(S)

The parties agree that the elements to which the defendant will plead guilty are as follows:

### Count One: 8 U.S.C. § 1326(a)

*First*: The defendant was an alien (not a citizen or national of the United States) at the time alleged in the indictment;

*Second*: the defendant had previously been deported and removed from the United States;

*Third*: the defendant knowingly entered and was found in the United States;

*Fourth*: the defendant had not received the consent of the proper legal authority to reapply for admission to the United States.

Note: the parties agree that the sentencing provision of 8 U.S.C. § 1326(b)(1) applies. This is not an essential element of the offense but rather is a sentencing factor for the Court. *See Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998).

### Count Two: 26 U.S.C. § 5861(d)

*First*: That the defendant knowingly possessed a National Firearms Act firearm;

*Second*: That the firearm was a rifle having a barrel shorter than 16 inches or a silencer;

*Third*: That the defendant knew the characteristics of the firearm that is, a rifle having a barrel shorter than 16 inches or a silencer;

*Fourth:* That the firearm was or could readily have been put in operating condition.

*Fifth*: That such firearm was not registered to the defendant in the National Firearms Registration and Transfer Record. It does not matter whether the defendant knew that the firearm was not registered or had to be registered.

### III. STATUTORY MAXIMUM SENTENCE

The maximum sentence for Count One of the Indictment is not more than 10 years of imprisonment, not more than a $250,000 fine, or both, not more than three years of supervised release, and a $100 special assessment fee.

The maximum sentence for Count Two of the Indictment is not more than 10 years of imprisonment, not more than a $10,000 fine, or both, not more than three years of supervised release, and a $100 special assessment fee.

### IV.   COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury. If the defendant is an alien, the conviction may cause the defendant to be deported and removed from the United States, or confined indefinitely if there is no country to which the defendant may be deported, denied future admission into the United States, and/or to be denied citizenship.

### V.   STIPULATION OF FACTS

The factual basis for this plea is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of

conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from presenting non-contradictory additional facts which are relevant to the Court's guideline computation, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties stipulate that the following facts are true and correct:

Arnulfo Duron-De Luna is 36-year-old male native and citizen of Mexico by virtue of his birth in Aguascalientes, Mexico on July 10, 1986. The defendant last entered the United States unlawfully on or after December 23, 2020. He was determined to have been last removed from the United States to Mexico on December 23, 2020, through Brownsville, Texas, subsequent to a conviction classified as a felony. The defendant has not sought permission from the United States Attorney General to reenter the United States after his last removal. The defendant was encountered by immigration officials on November 10, 2021.

The defendant was, on December 17, 2020, convicted in the United States District Court, District of South Dakota, Western Division, Case No. 20-cr-50124, of Illegal Reentry of a Previously Removed Alien, in violation of 18 U.S.C. § 1326(a) for which he was sentenced to a term of time served.

The defendant was, on April 27, 2011, convicted in the Broomfield County Case No: 2011M128, for the offense of Disorderly Conduct-Unreasonable Noise (Domestic

Violence related), a Class 1 Petty Offense, in violation of C.R.S. § 18-9-106(1)(c), for which he was sentenced to a term of one year of probation. The defendant failed to comply with the terms of his probation and failure to comply and failure to appear warrants were issued, which remain active.

The defendant was, on September 13, 2005, convicted in the District Court of Colorado, Adams County Case No. 2005CR1165, for the offense of Felony Menacing-Real/Simulated Weapon-CSP, a Class 6 Felony in violation of C.R.S. § 18-3-206(1)(a)/(b), for which he was sentenced to 18 months of probation. The defendant failed to comply with the terms of his probation and, on May 11, 2010, probation was revoked and he was re-sentenced to serve 90 days in jail with an additional 90 days of probation.

On September 13, 2022, federal investigators executed a search warrant at 12910 Pensacola Place, Denver Colorado. Prior to entering the residence, investigators ordered occupants outside the house. Other adult and child occupants exited. Upon entry, investigators found a rifle in the closet of the master bedroom. Investigators subsequently found the defendant in the basement at that location.

The rifle was determined to have a barrel less than 16 inches in length with an attached but removable silencer. Specifically, the ATF Firearms Technology Criminal Branch examined the rifle, confirming that the barrel was 10.63 inches, was designed to be fired from the shoulder, was functional. Furthermore, the silencer was determined to have technical characteristics consistent with a firearm silencer and determined to be functional. It was test-fired and reduced the report 6.91 decibels over a five-shot average.

Both the rifle and silencer did not have serial numbers. A check of the National Firearm Registration and Transfer Record was performed, and the defendant had no firearms registered to him including the rifle and silencer above.

The defendant admitted to investigators that he possessed the firearm above, that he occupied the master bedroom, that he had purchased the firearm with his father for $300 and further painted it, and that he had shot it before.

*Additional Facts*

The parties agree that the following evidence is alleged in law enforcement reports. The parties agree that the defendant does not stipulate to this evidence as facts for purposes of the guidelines calculation under USSG § 1B1.2(c).

A functional HS Produkt Model XDS 9mm semi-automatic handgun bearing serial number S3874200, was located on ledge in the carport after the defendant was arrested. That handgun was determined to be functional and to have crossed state lines before September 13, 2022. The defendant stated the handgun belonged to another person. Two high-capacity 9mm magazines loaded with 9mm ammunition were also located on a door frame in the basement. The defendant denied ownership of the magazines and ammunition.

## VI.   ADVISORY GUIDELINE CALCULATION

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth

below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

The Guideline calculation below is the good faith estimate of the parties, but it is only an estimate. The parties understand that the government also has an independent obligation to assist the Court in making an accurate determination of the correct guideline range. To that end, the government may argue that facts identified in the presentence report, or otherwise identified during the sentencing process, affect the estimate below.

   a) For Count 1, under USSG § 2L1.2(a), the base level is **8**.

      i. Specific offense characteristics: There is a **4-level** increase because the defendant committed the instant offense after sustaining a conviction for a felony that is an illegal reentry offense. USSG § 2L1.2(b)(1)(A).

   b) For Count 2, under USSG § 2K2.1(a)(5), the base offense level is **18**.

      i. Specific offense characteristics: None.

   c) Adjustments: multiple count

      i. Counts One and Two are grouped per USSG §§ 3D1.1(a) and 3D1.2(d).

   d) The combined offense level applicable to all groups is **18**. USSG § 3D1.3(b).

   e) The defendant should receive a 3-level adjustment for acceptance of responsibility under USSG § 3E1.1. The resulting, total offense level there would be **15**.

   f) The parties understand that the defendant's criminal history computation is tentative and based on the defendant's prior convictions. The parties believe the defendant is in criminal history category **III**.

g) The career offender/criminal livelihood/armed career criminal adjustments do not apply.

h) The advisory guideline range is **24-30** months. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level(s) estimated above could conceivably result in a range from **18** months (bottom of Category I) to **51** months (top of Category VI).

i) Pursuant to USSG § 5E1.2, assuming the estimated offense level above is correct, the fine range for this offense would be $7,500 to $75,000, plus applicable interest and penalties.

j) Pursuant to USSG § 5D1.2, if the Court imposes a term of supervised release, that term at least one year but not more than three years.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VII. ENTIRE AGREEMENT

The agreement disclosed to the Court is the entire agreement. There are no other promises, agreements or "side agreements," terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any other terms, promises, conditions or assurances.

Date: 02/14/23

Page 11 of 12

Date: 2/14/23

Arnulfo Duron-De Luna
Defendant

Ben LaBranche
Attorney for Defendant

Date: 2/14/23

Albert Buchman
Assistant U.S. Attorney